**FILED**
**NOVEMBER 26, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) ) | No. 39144-2-III |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER MARK BLYSTONE. | ) ) ) | |

LAWRENCE-BERREY, C.J. — The Department of Corrections (DOC) petitioned for postsentence review of Christopher Blystone's amended sentence. It argues the community custody portion of Blystone's sentence is unlawful. Blystone and the State agree. Our Supreme Court recently decided this issue in DOC's favor. In accordance with *State v. Carter*, 3 Wn.3d 198, 548 P.3d 935 (2024), we grant DOC's petition.

FACTS

Christopher Blystone killed a pharmacy employee, Steven Jay Foster, in the course of a kidnapping and robbery on June 4, 1986. Blystone was 18 years old at the time.

On March 16, 1988, Blystone pleaded guilty to aggravated first degree murder. At the time, aggravated first degree murder was punishable by death unless there were sufficient mitigating circumstances, in which case the punishment was life imprisonment without the possibility of parole or release (LWOP). Former RCW 10.95.030 (1981). Blystone presented mitigating evidence of his youthfulness, his "lack of significant criminal record," and his "difficult childhood, family problems, drug and alcohol problems, and physical problems." Postsentence Pet., Ex. 1, App. D-2. In light of these mitigating circumstances, the court imposed an LWOP sentence, as was mandated by statute.

In 2021, our Supreme Court decided *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), which held that mandatory LWOP sentences were unconstitutionally cruel as applied to 18-, 19-, and 20-year-old defendants. The superior court held a resentencing hearing for Blystone, and after considering arguments of counsel, imposed a determinate sentence of 40 years plus 3 years of community custody.

Soon after, DOC contacted the court and the attorneys because it had concluded that Blystone's term of community custody was not authorized. DOC also gave Blystone early release credit for one-third of his 40-year sentence, resulting in a release date of July 16, 2014. Accordingly, DOC began preparing for Blystone's release, putting his planned release date at September 23, 2022.

2

When the trial court did not resolve the community custody issue, DOC filed this postsentence petition arguing that Blystone's community custody term is unlawful. Blystone agreed with DOC. The State also agreed with DOC, and further argued that the trial court lacked authority to sentence Blystone to a determinate sentence.

In June 2023, this court stayed DOC's petition pending resolution of two analogous cases before the Washington Supreme Court. In one of those cases, as in Blystone's case, a youthful offender sentenced to life without parole for aggravated first degree murder received a determinate sentence along with community custody. *Carter*, 3 Wn.3d at 202, 208.

In 2024, the Supreme Court ruled on both cases,[1] concluding that trial courts resentencing youthful offenders convicted of aggravated first degree murder could impose determinate sentences but could not impose community custody. *Id.* at 230. As a result, the State withdrew its determinate sentence argument.

ANALYSIS

DOC, Blystone, and the State agree that remand is required for the trial court to strike Blystone's three-year term of community custody. Bound by *Carter*, we agree.

---

[1] The court consolidated the two cases into *State v. Carter*.

No. 39144-2-III
*Postsentence Review of Blystone*

Petition granted.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.                    Cooney, J.

4